# Richmond.

## State Highway Commission of Virginia v. Ellen J. Nock.

### January 17, 1924.

1. Injunctions—*State Highway Commission—Interference with Draining Ditch—Parties—Case at Bar.*—In a suit seeking to enjoin the State Highway Commission and another, their servants and employees, from interfering with a draining ditch, neither the Commission nor the other defendant answered the bill, but the decree recited the appearance of "the defendants." The State Highway Commissioner, however, answered the bill and defended the suit.

   *Held:* That the issues were thus sufficiently presented to enable the court to protect the rights asserted by the complainant and to prevent the invasion of her private property rights by persons who claimed to be agents of the Commission, acting under its authority.

2. Injunctions—*Illegal Acts of Official or His Servants—Suit Against State Highway Commission—Jurisdiction of Equity.*—In a suit against the State Highway Commission and another, seeking to enjoin them, or their servants, from interfering with a draining ditch, it was contended that as there was no statute authorizing suits against the State Highway Commission, the court had no jurisdiction. While this may be generally true, it is not sufficient to defeat the jurisdiction of the court in the instant case, because it is nevertheless also true that a court of equity has jurisdiction to enjoin the illegal acts of an official or his servants which are attempted under color of his office.

3. Venue—*Injunction Against State Highway Commission and Another—Interference with Drain.*—The venue under section 6318 of the Code of 1919 of a suit to enjoin the State Highway Commission and another, and their servants, from interfering with a draining ditch is properly laid in the county where the acts which complainant seeks to enjoin were to be done or attempted, and of which one of the defendants was a resident. The suit is not a suit against the State or one of its agencies, but is a suit against individuals alleged to be invading the private rights of complainant under color of their office.

4. Drains and Sewers—*Injunction Against Interference with Draining Ditch—Prescriptive Right to Drain Through Lands of Another—State Highway Commission—Case at Bar.*—In the instant case, a suit to

enjoin the State Highway Commission and another, and their serv-
ants, from interfering with a draining ditch, the tract of land owned
by complainant adjoined the county road.    There was a ditch on the
opposite or east side of the road, and a connecting culvert through
which the water was conducted across or under the road to a ditch
on the west side of the road, and thence through the drain on the
land of complainant.    Defendants, acting under color of their office,
undertook to deepen this ditch on complainant's lands.

*Held:*    That the burden of proof was clearly upon defendants to estab-
lish an alleged prescriptive right so to collect the surface water and
drain it through complainant's lands, and therefore it was necessary
for them to show that they had exercised the right openly, adversely,
and without interruption for more than twenty years.

5.  DRAINS AND SEWERS—*Injunction Against Interference with Draining
Ditch—Prescriptive Right to Drain Through Lands of Another—State
Highway Commission—Case at Bar.*—In the instant case, a suit to
enjoin the State Highway Commission and another from interfering
with a draining ditch, by enlarging it and conducting water from the
county road through it over the lands of complainant, the State
Highway Commission alleged that it had a prescriptive right to
drain surface water into the ditch.    If all of the testimony intro-
duced on behalf of complainant were discarded, a fair consideration
of the evidence introduced by the defendants failed to show any-
thing more than a bare license to drain through the ditch such sur-
face water from the county road as might flow thereto.    And, more-
over, there was evidence tending to show that complainant had at
times excluded even this drainage by stopping up the mouth of the
ditch.

*Held:*    That the assertion of the right to drain the surface water
through the ditch over complainant's lands when denied must be
established by the weight of the testimony, which defendants had
failed to do.

Appeal from a decree of the Circuit Court of Accomac
county.    Decree for complainant.    Defendants appeal.

The opinion states the case.

*Affirmed.*

*J. F. Hall, Mapp & Mapp* and *Herbert Barnes,* for
the appellant.

*Benjamin T. Gunter* and *James E. Heath,* for the ap-
pellee.

PRENTIS, J., delivered the opinion of the court.

The decree appealed from perpetually enjoins the State Highway Commission of Virginia and Asher Killmon, their servants and employees, from undertaking to cut or in any way to interfere with a draining ditch which separates the land of the appellee, Ellen J. Nock, from the land of Ananias Rogers, and from conducting water which accumulates on or alongside the county road between Temperanceville and New Church village into or through that ditch.

[1] The Commission and Killmon were named as defendants. Neither answered the bill, but the decree recites the appearance of "the defendants." The State Highway Commissioner, however, answered the bill and defended the suit. The issues were thus sufficiently presented to enable the court to protect the rights asserted by the complainant and to prevent the invasion of her private property rights by persons who claimed to be agents of the Commission, acting under its authority.

[2] One of the assignments of error is that there is no statute authorizing suits against the State Highway Commission. While this may be generally true, it is not sufficient to defeat the jurisdiction of the court in this case, because it is nevertheless also true that a court of equity has jurisdiction to enjoin the illegal acts of an official or his servants which are attempted under color of his office. This is now so certain that it is unnecessary to cite authority therefor.

[3] It is also objected that the circuit court of Accomac county had no jurisdiction of the case, but that it should have been brought in the circuit court of the city of Richmond, under Code, sections 6049, 6051, requiring suits against certain State officials to be brought

there. This objection is unsound, because this is not a suit against the State or one of its agencies, but is held to be a suit against the individuals alleged to be invading the private property rights of the appellee under color of their office. The venue of this suit for injunction, under Code, section 6318, is Accomac county, both because it is there that the acts which the complainant sought to enjoin were to be done or attempted, and because Killmon, one of the defendants, was a resident of that county.

[4, 5] The tract of land owned by appellee which is here affected adjoins the county road. There is a ditch on the opposite, or east, side of the road and a connecting culvert through which the water is conducted across or under the road to a ditch on the west side of the road, and thence through the drain on the land of appellee. The appellants, acting under color of their office, undertook to deepen this ditch on her lands, and this litigation resulted. The burden is clearly upon the appellants to establish the prescriptive right claimed so to collect the surface water and drain it through these lands. They assert the right by prescription, and therefore it is necessary for them to show that they have exercised the right as now claimed openly, adversely and without interruption for more than twenty years. This they have failed to do. The testimony upon which they rely is contradicted upon all material questions and even without this contradiction is uncertain, vague and falls far short of establishing the claim. That a drainage ditch has existed there for many years is clear. That some water from the eastern side of the road to the western side thereof has been drained through it at times, if not continuously, may also be conceded, but there is nothing whatever to show that at the place in question the ditch was ever acquired or ap-

propriated by the public authorities for the purpose of draining the areas lying on the opposite side of the highway without limitation. So far as water from the highway flowed through this ditch, the inference is, that it was only because of the acquiescence of the land-owners, for it was apparently dug for the purpose of draining their own lands, was always under their control, and such drainage as came thereto from either side of the highway was a mere incident. Moreover, the defendants, when enjoined, proposed to enter upon this private property and dig the ditch very much deeper so as to carry off the water from a very much larger drainage area than the evidence indicates had ever passed that way before.

A mere consideration of the fundamental rules is all that is necessary to determine the question adversely to the appellants. Conceding every proposition of law which is presented, it cannot be denied that the assertion of such a right, when denied, must be established by the weight of the testimony. In this case all of the testimony introduced on behalf of the landowner may be discarded, and then a fair consideration of the evidence introduced for the appellants fails to show anything more than a bare license to drain through this ditch, as then maintained, such surface water from the county road as might flow thereto. There is evidence, moreover, tending to show that the landowner has at times excluded even this drainage, by stopping up the mouth of the ditch, and that connection with this road drainage was prevented by an embankment which prevented this water from flowing into the precise ditch here involved.

In our judgment, therefore, the decree of the trial court is plainly right upon the merits.

*Affirmed.*